McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
Attorneys for Plaintiff, Nitta Casings, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NITTA CASINGS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STANCASE, LLC, ABC Corporations 1-50,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>COMPLAINT |

Plaintiff Nitta Casings, Inc. ("Plaintiff"), by and through its undersigned counsel, McCarter & English, LLP, brings this action against Defendant Stancase, LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. This civil action involves copyright infringements of blueprint designs and drawings created by Plaintiff relating to Plaintiff's Z-Linker ("Z-Linker"), a machine used to make sausage, and sounds in claims for common law trademark violations, Lanham Act violations and other common law claims.

2. Without Plaintiff's permission, Defendant and its predecessor in interest, Standard Casings, a New Jersey corporation ("Standard Casings"), improperly utilized Plaintiff's Z-linker designs and blueprints and caused same to be manufactured and then sold Z-Linkers.

3. In violation of Plaintiff's copyright and trademark and without Plaintiff's permission or consent, Defendant has been ordering the production of and selling Z-Linkers.

4. From August 2012 until recently, Defendant worked as a broker and sales representative for Plaintiff in connection with Plaintiff's collagen casing products. During this period of time, Defendant never informed Plaintiff that it was tortiously and illegally utilizing Plaintiff's blueprints, design, and intellectual property to manufacture and sell Plaintiff's Z-Linker.

5. Plaintiff now seeks damages sounding in copyright and trademark infringement, Lanham Act Violations, as well as common law torts to remedy Defendant's illegal and improper behavior.

## THE PARTIES

6. Plaintiff is a leading manufacturer of collagen casings for sausages and meat snacks and has production sites in New Jersey, Ontario, and China. Plaintiff also is the sole owner of the rights to the Z-Linker.

7. Plaintiff is licensed to do business in the State of New Jersey and has an office at 141 Southside Avenue, Bridgewater, NJ 08807.

8. Defendant is in the business of, among other things, soliciting sales on behalf of meat-packaging companies, such as Plaintiff.

9. Defendant is licensed to do business in the State of New Jersey and has an office at 2367 Beryllium Road, Scotch Plains, NJ 07076.

10. ABC Corporations 1-50 are corporate entities which may have acted in concert with Defendant in infringing upon Plaintiff's intellectual property rights and committing tortious acts against it.

11. The Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

12. This is an action for, among other things, violation of Section and 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

13. This is an action for, among other things, copyright infringement pursuant to 17 U.S.C. §§ 101 et seq.

14. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C.A. §§1331 and 1338 (a) and (b).

15. Supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1338(a) and 28 U.S.C. §1367.

16. A substantial part of the events or omissions giving rise to the claims occurred in this judicial district and this is the district in which Defendant resides. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff is a leading provider of collagen casings for sausages and meat snacks.

18. Plaintiff is successor in interest of Devro International, PLC ("Devro")

19. In and around the early to middle 1990's, Devro developed the Z-Linker, a unique device which is used to pack sausages into collagen casings.

20. Nitta's Z-Linkers are well-known, well-respected and widely used in the industry to pack sausages into collagen casings.

21. As part of its development of the Z-Linker, Devro developed blueprints providing exactly how to manufacture the Z-Linker ("Z-Linker Blueprints").

22. The Z-Linker Blueprints were unique to Devro's design and were unique from other machines on the market.

23. Plaintiff, as successor in interest to Devro, has succeeded to all of Devro's rights and therefore has the right and ability to enforce all of Devro's rights with respect to the Z-Linker and the Z-Linker Blueprints.

24. The Z-Linker Blueprints are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States (§17 U.S.C.A. 101 *et seq.*).

25. Plaintiff is the current claimant in the copyright of the Z-Linker Blueprints.

26. Plaintiff possesses the exclusive rights described in 17 U.S.C.A. §106 with respect to such copyrights.

27. Certainly, Plaintiff never gave Standard Casing or Defendant the right or permission to manufacture, develop, sell or market the Z-Linker.

28. In fact, in 2012, Plaintiff and Defendant entered into an unrelated agreement whereby Defendant served as a non-exclusive broker for Plaintiff's collagen casing products.

29. For reasons unrelated to the within controversy, Plaintiff decided to terminate its brokering relationship with Defendant in September 2015.

30. In the context of severing its brokering relationship with Defendant, Plaintiff learned – for the first time – that Defendant was illegally and improperly manufacturing Z-Linkers based upon Plaintiff's Z-Linker Blueprints and then illegally and improperly selling the Z-Linkers into the marketplace.

31. In the context of its investigation, Plaintiff learned that Defendant recently placed an order for 100 Z-Linkers with a New Jersey manufacturing company, Mechanical Precision,

Inc. and, upon information and belief, has accepted delivery of a portion of its order of Z-Linkers.

32. Defendant's order of Z-Linkers placed with Mechanical Precision was without Plaintiff's knowledge, permission or consent.

33. Plaintiff has not received any compensation whatsoever from Defendant's illegal and improper use of the Z-Linker Blueprints, or from its illegal and improper sales of Z-Linkers which were manufactured based upon Plaintiff's Z-Linker Blueprints.

34. Plaintiff has been damaged as a result.

35. Defendant is successor in liability to Standard Casings and is fully liable for all of Standard Casings' actions with respect to the Z-Linker and the Z-Linker Blueprints.

36. Commencing on the date of first publication, and consistently thereafter, the Z-Linker Blueprints have been published by Plaintiff in conformity with the copyright laws of the United States.

37. Plaintiff's copyright's for the Z-Linker Blueprints have the following registration numbers: VAU001222695 and VAU001222697.

38. Defendant's actions violate Plaintiff's exclusive copyrights in the Z-Linker Blueprints and Defendant's actions constitute an infringement of those copyrights under 17 U.S.C.A. §501.

39. Upon information and belief, Defendant's copyright infringements were knowing, willing and intentional.

40. Defendant should be permanently enjoined and restrained from directly or indirectly infringing upon Defendant's copyrights by using, copying, reproducing, displaying, distributing, marketing, offering for sale, advertising, preparing derivative works based upon, or

otherwise infringing, directly or indirectly, the Z-Linker Blueprints and all other of Plaintiff's copyrighted materials.

41.   Plaintiff is entitled to recover all damages it has suffered as result of Defendant's wrongful acts, along with all profits obtained by Defendant from the infringements.

## COUNT ONE
### (Copyright Infringement)

42.   Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth herein.

43.   Plaintiff has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Z-Linker Blueprints.

44.   Plaintiff has applied for and received from the Register of Copyrights the appropriate Certificate of Copyright Registration for the Z-Linker Blueprints.

45.   Commencing on the date of first publication, and consistently thereafter, the Z-Linker Blueprints have been published by Plaintiff in conformity with the copyright laws of the United States.

46.   Upon information and belief, after Plaintiff obtained a Certificate of Copyright registration for the Z-Linker Blueprints, Defendant illegally and improperly utilized the Z-Linker Blueprints, in violation of Plaintiff's registered copyright.

47.   In utilizing the Z-Linker Blueprints to have Z-Linkers manufactured based upon Plaintiff's design and thereafter marketed and sold them thereby infringing on Plaintiff's copyright over the Z-Linker Blueprints.

48.   Defendant or its predecessor in interest took these actions without Plaintiff's permission, express or implied.

49. Defendant has not compensated Plaintiff in any way on its sales of Z-Linkers.

50. Plaintiff has been damaged as a result.

51. Plaintiff seeks to permanently enjoin Defendant for any further selling of Z-Linkers based upon the Z-Linker Blueprint or any derivation thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) a monetary judgment against Defendant under 17 U.S.C.A. §504 for all damages suffered Plaintiff and all profits derived by Defendant from its unauthorized use and infringement of Plaintiff's copyrighted materials; (b) a permanent injunction under 17 U.S.C.A. §502 restraining Defendant and its respective agents, along with those in active participation with Defendant, from directly or indirectly infringing upon Defendant's copyrights by copying, preparing derivative works based upon or otherwise improperly or illegally using any of Defendant's copyrighted materials or, in the alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C.A. §504 based upon said Defendant's intentional, willful and deliberate copyright infringement; (c) an order pursuant to 17 U.S.C. § 503 requiring Defendants to return all copies of the copyrighted materials to Plaintiff; (d) statutory damages in an amount to be determined by the Court under 17 U.S.C.A. §504 based upon said Defendants' intentional, willful and deliberate copyright infringements; (e) an award of all reasonable attorney's fees and costs incurred by Plaintiff in pursuit of these copyright infringement claims, along with interest on all damages from the date of Defendants' infringements in accordance with 17 U.S.C.A. §505; (f) for all other attorney's fee and costs; and (g) for such other relief as this Court may deem equitable and just.

## COUNT TWO

### (Accounting)

52. Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth herein.

53. Defendant sold Z-Linkers based upon Plaintiff's design of the Z-Linker Blueprints.

54. Defendant took this action without Plaintiff's permission or knowledge.

55. Defendant manufactured, marketed and sold Z-Linkers based upon the Z-Linker Blueprints and has received sale proceeds from selling Z-Linkers in an amount to be determined at trial.

56. Plaintiff seeks an order from the Court requiring Defendant to provide an accounting of all of its sales of Z-Linkers based upon the Z-Linker Blueprints or any derivation thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) an accounting for all of its sales of the Z-Linker based upon the Z-Linker Blueprints; (b) for attorney's fee and costs; and (c) for such other relief as this Court may deem equitable and just.

## COUNT THREE

### (Trademark Infringement and Unfair Competition)

57. Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth herein.

58. Defendant's acts and conduct, alone and/or in combination, constitute trademark infringement and/or unfair competition under the laws of the State of New Jersey and other states in which the Defendant has promoted and/or sold its products.

59. Defendant's acts of infringement and unfair competition have damaged and will continue to cause irreparable harm to the business and goodwill of Plaintiff unless restrained by this Court.

60. Plaintiff is entitled to the recovery of damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) damages sounding in trademark violation and unfair competitions; (b) disgorgement and recovery of Defendant's profits; (c) permanent injunctive relief to prevent Defendant from its continuing infringement on Plaintiff's trademark rights; (d) compensatory damages; (e) triple damages pursuant to 15 U.S.C. § 1117(a); (f) attorney's fee and costs; and (g) for such other relief as this Court may deem equitable and just.

## COUNT FOUR

### (Lanham Act Violation)

61. Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth herein.

62. The acts and conduct of the Defendants, alone and in combination, constitute false representation as to the source of the Defendant's products and a false designation of their origin in violation of Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

63. Defendant's acts alone and in combination are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the Defendant with Plaintiff, or are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods by Plaintiff.

64. Defendant's acts were willful and intentional.

65. Defendant's unlawful acts have caused loss and harm to the business and goodwill of Plaintiff, and it is entitled to the recovery of damages.

66. The aforesaid conduct of Defendant has caused irreparable injury to the business and goodwill of Plaintiff and Plaintiff has no adequate remedy at law.

67. Plaintiff is entitled to the recovery of money damages, multiple damages, and reasonable attorneys' fees pursuant to 15 U.S.C. § 117(a).

**WHEREAS** Plaintiff demands judgment against Defendant for (a) compensatory damage; (b) statutory damages; (c) triple damages pursuant to 15 U.S.C. § 1117(a); (d) permanent injunctive relief; (e) attorney's fees and costs; and (f) for such other relief as this Court may deem equitable and just.

## COUNT FIVE
### (Unfair Competition)

68. Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth herein.

69. Defendant's acts constitute unfair competition with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. Defendant's acts were willful and intentional.

71. Defendant's acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court,

72. Plaintiff is without adequate remedy at law.

**WHEREAS** Plaintiff demands judgment against Defendant for (a) compensatory damage; (b) statutory damages; (c) triple damages pursuant to 15 U.S.C. § 1117(a); (d)

permanent injunctive relief; (e) attorney's fees and costs; and (f) for such other relief as this Court may deem equitable and just.

                                                    McCARTER & ENGLISH, LLP

                                                    /S/ Gregory J. Hindy
                                                    Gregory J. Hindy, Esq.
                                                    A Member of the Firm
                                                    *Attorneys for Plaintiff*
                                                    *Nitta Casings, Inc.*

Dated: January 27, 2016

ME1 21292855v.3

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims raised in the Complaint that are triable by jury.

                                                    McCARTER & ENGLISH, LLP

                                                    /S/ Gregory J. Hindy
                                                    Gregory J. Hindy, Esq.
                                                    A Member of the Firm
                                                    *Attorneys for Plaintiff*
                                                    *Nitta Casings, Inc.*

Dated: January 27, 2016